JANVIER, Judge.
This suit results from an automobile collision which occurred just after 7 o’clock on the night of August 8, 1956, at the intersection of St. Bernard Avenue and Galvez Street, in New Orleans.
On St. Bernard Avenue there are two roadways for vehicles and between them is a narrow neutral ground six feet in width. At the intersection traffic is controlled by a semaphore light which automatically changes from green or go to red or stop.
The car on St. Bernard Avenue was owned by Herman A. Clark. It was being operated by Mrs. Clark, and in it were their four children, three of whom were in the rear seat, the fourth, Gayle Ann Clark, at the time about ten months of age, being seated in a movable baby seat attached to the front seat of the car. The Clark car was on its way out St. Bernard Avenue in the direction away from the Mississippi River. The other car, owned by Althemus J. Delahoussaye and driven by his granddaughter, Judith C. Bartholomew, had been going in the opposite direction on the other side of St. Bernard Avenue and had been turned to its left at the intersection and had crossed the narrow neutral ground as it was the purpose of the driver to go out Galvez Street. It had just entered the roadway of St. Bernard Avenue on which the Clark car was approaching when it was struck on its right side by the Clark car. The Clark car was badly damaged.
Clark had secured from Calvert Fire Insurance Company a policy of collision insurance under the terms of which the insurance company had agreed that should it be damaged in collision it would pay all but $50 of the amount required to repair the damage. Accordingly the Calvert Insurance Company, having secured an esti *839 mate under which a repair agency agreed to repair the damage for $298.75, paid to Clark $248.50 as its share of the cost of the repairs. Clark turned the car over to another repair agency, which made repairs satisfactory to Clark, for $248.50.
When the Calvert Fire Insurance Company paid to Clark its share of the cost of repairs, it secured from Clark a subrogation pro tanto to all of his rights against such persons as might be legally responsible for the damage. The Calvert Fire Insurance Company then joined with Herman A. Clark, the owner of the damaged car, on his own behalf and also acting on behalf of his minor daughter, Gayle Ann Clark, and joined'also by Mrs. Clark, brought this suit against Althemus J. Delahoussaye, as the owner of the other car, Zona D. Bartholomew, the mother of Judith C. Bartholomew, the operator of the other car, and also against Judith C. Bartholomew.
The Calvert Fire Insurance Company prayed for judgment for $248.75, the amount which it had paid to Clark. Clark claimed on his own account $50 as the difference between the amount which the Calvert Fire Insurance Company had paid to him and the amount of the estimate made by the first repair agency and, on behalf of his minor daughter, Gayle Ann Clark, he also claimed $5,000, and Mrs. Clark, on her own behalf, prayed for judgment for $2,000.
There was judgment in favor of the Calvert Fire Insurance Company for $248.75; in favor of Mrs. Clark for $100, and in favor of Herman A. Clark for the use and benefit of the minor, Gayle Ann Clark, in the sum of $200. The suit of plaintiffs as against Althemus J. Delahous-saye as the owner of the car involved in the collision was dismissed, and in the judgment no mention was made of the claim of Clark for $50.
Mrs. Zona D. Bartholomew and Judith C. Bartholomew appealed devolutively.
There was no appeal by plaintiffs. However, on November 16, 1959, by answer to the appeal, the plaintiffs-appellees prayed that the judgment appealed from be amended by increasing the several awards to the amounts originally prayed for.
As Mrs. Clark neared the intersection, the semaphore traffic light which faced her was green and the speed at which she was operating her car was not excessive. It' is true that the traffic light which faced Judith Bartholomew was also green and that a traffic sign which was at the light authorized a left turn on the green light. It is true too that, because of the narrow neutral ground, when the Delahoussaye car made the turn it could not be brought to a stop without one end or the other protruding into one or the other of the roadways. ■
This fact, however, did' not justify Judith Bartholomew in driving into the other roadway directly into the path' of the oncoming Clark car. In such situations the driver of the car which turns to the left across the other roadway must exercise extreme caution to avoid driving directly into the path of another car which may be approaching on the other roadway.
Ashton Delahoussaye, a relative of Judith Bartholomew, was called as a witness for the defendants, and he very properly stated the rights and obligations of a driver making such a turn. He said:
“ * * * naturally, when you make the turn, there isn’t another sign in front of you. Therefore, you have the discretion to go across the street as traffic permits * * *.”
Judith herself says that she had not even seen the Clark car “until after she hit me.” Mrs. Clark says that she saw the other car just as her car “got to the end of the .neutral ground.” It is true that she possibly noticed the lights of the other car as it approached the intersection on the other roadway, but she did not realize that it was going to make the turn and did not realize this until it had made the turn and had entered the roadway in front of her.
The fault lay entirely with the driver of the Delahoussaye car.
*840 While, by answer to the appeal, the plaintiffs have asked that the awards he increased, we cannot give consideration to the answer because it was filed too late. Code of Practice, Article 890 provides that an answer to the appeal must be filed “at least three days before that fixed for the argument * * This case was fixed for argument on November 19th and the answer to the appeal was filed on November 16th. Three clear days did not intervene. Middleton v. Rheem Mfg. Co., La.App., 34 So.2d 271; Succession of Coleman, 177 La. 898, 149 So. 513; Wier v. Grubb, 228 La. 254, 82 So.2d 1.
The amounts awarded are not excessive. We think there need be no discussion concerning them.
The judgment appealed from is affirmed at the cost of appellants.
Affirmed.